**Electronically Filed
Intermediate Court of Appeals
30646
25-MAY-2011
08:42 AM**

NO. 30646

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WAN HO SO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P110-00394)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Wan Ho So ("Defendant") appeals from the Notice of Entry of Judgment and/or Order, filed on July 1, 2010 in the District Court of the First Circuit, Honolulu Division ("District Court").[1] Defendant was found guilty of Harassment, in violation of Hawaii Revised Statutes § 711-1106(1)(a) (Supp. 2010).[2] On appeal, Defendant contends that there was insufficient evidence to prove that he (1) subjected Officer Jason Kubo to offensive physical contact, or (2) intended to harass, annoy, or alarm Officer Kubo.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Defendant's points of error as follows:

---

[1]     The Honorable Leslie A. Hayashi presided.

[2]          (1)  A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

              (a)     Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

HAW. REV. STAT. 711-1106(1)(a).

There was substantial evidence to support Defendant's conviction for Harassment. In reviewing for sufficiency of evidence, we determine whether:

> upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

*State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting *State v. Ferrer*, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001).

The District Court found that Officer Kubo's testimony was more credible than Defendant's testimony and that Defendant was guilty of the offense.[3] To the extent that Defendant contends that the State's evidence was not credible or not sufficiently credible, we generally do not pass upon that issue:

> Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings. We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. . . .
>
> . . . . It is well-settled that an appellate court will not pass upon issues dependent upon the

---

[3] THE COURT: Okay. At this time then the Court is ready to rule. Having heard the State's witnesses, Officer Kubo and Officer Kimura, the defendant having been given his *Tachibana* warning and electing to testify, it is a matter of credibility.

And in this case I do find the State's witnesses to be more credible with what occurred on the late evening of December 19th, early morning of December 20th. . . .

I do believe that [Defendant], and perhaps rightfully so, was angry about the situation in that he felt he was the victim and that the officers were not helping him. However, that does not excuse his behavior and what occurred afterwards with the exchange with Officer Kubo. He was instructed to return to his vehicle. He was upset about the situation. And I do find that there was physical contact that was made with the intent to harass Officer Kubo with respect to the elbow and the car door. So the Court does find the defendant guilty of this offense.

> credibility of witnesses and the weight of the
> evidence; this is the province of the trier of fact.

*State v. Mattiello*, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (quoting *State v. Stocker*, 90 Hawai'i 85, 90, 976 P.2d 399, 404, 1999)) (internal quotation marks, citations, and brackets omitted; block quote format changed).

Officer Kubo testified that he responded to a call in the area of Lewers Street in Waikiki. Upon arriving, Officer Kubo observed the Defendant arguing with several officers already present at the scene. Officer Kubo approached and attempted to calm the Defendant and get him to remove his vehicle from the heavily trafficked road. Instead, Officer Kubo testified, his efforts appeared to result in Defendant refocusing his anger towards Officer Kubo.

Officer Kubo instructed the Defendant to get into his car. After several requests, Defendant moved straight towards Officer Kubo and "thrusted" his elbow into Officer Kubo's chest, knocking him backwards and into the front fender of Defendant's vehicle. Officer Anson Kimura corroborated Officer Kubo's version of events: "[W]hen I looked over, I noticed that the defendant pushed past [Officer Kubo] and then I saw [Defendant's] elbow flare out." Officer Kubo testified that he regained his balance and approached the Defendant, who flung open his car door, hitting Officer Kubo in the thigh. Thus, there was substantial evidence that the Defendant struck Officer Kubo with both his elbow and his car door.

The Defendant's intent to harass, annoy or alarm Officer Kubo can be inferred from his actions and circumstances of the incident. "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Stocker*, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting *State v. Mitsuda*, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)) (internal quotation marks omitted). In light of the evidence and the inferences reasonably arising, it was reasonable to conclude that the Defendant intended to harass, annoy, or alarm Officer Kubo by striking him with both his elbow and his car door.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on July 1, 2010 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, May 25, 2011.

On the briefs:

Kainani C. Collins,
Deputy Public Defender,
for Defendant-Appellant.


Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge